IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSHKOSH TRUCK CORPORATION        } | | |
|       *Plaintiff,*        } | | |
| v.        } | | CIVIL ACTION NO. H-06-1644 |
|         } | | |
| STEWART & STEVENSON SERVICES   } | | |
| INC.,        } | | |
|       *Defendant* | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Oshkosh Truck Corporation's ("Oshkosh") emergency motion to remand and motion for costs and attorney's fees under Title 28 United States Code Section 1447(c) (Instrument No. 8).  The motion has been extensively briefed by both parties and is now ripe for decision.  For the following reasons, the court **ORDERS** that Oshkosh's motion is **GRANTED**.

## I.  FACTS AND PROCEDURAL HISTORY

Based on a review of the relevant court filings and the submissions of counsel, the following is a time line of the events leading to this motion.[1]  On 11 April 2006, James Marron ("Marron"), purporting to be a shareholder of Defendant Stewart & Stevenson Services Inc. ("Stewart & Stevenson"), filed a putative class action against Stewart & Stevenson and six of its directors ("the Marron Defendants") in Texas state court.  On 21 April 2006, the case was removed by all the defendants and assigned to United States District Court Judge Ewing Werlein

---

[1] The facts of the underlying dispute among the parties are fully recounted in Judge Werlein's Memorandum and Order (Instrument No. 67)  filed in *Marron v. Charles S. Ream et al,* 4:06-cv-1394 .

1

Jr.[2]  On 27 April 2006, Marron filed his first amended complaint, recasting his claim as a derivative action.  On 29 April 2006, Oshkosh filed its motion for leave to file letter under seal.  When Oshkosh submitted its motion it represented itself to be an interested party in the litigation.  On 2 May 2006, a hearing was held before Judge Werlein.  Counsel for Oshkosh came to the hearing in Judge Werlein's chambers, but, as a non-party to the litigation, was excluded from the proceedings.  Judge Werlein denied Oshkosh's motion to file its letter under seal.  On 8 May 2006, Judge Werlein issued his ruling dismissing Marron's complaint without prejudice.  On 12 May 2006, Oshkosh filed its petition in state court against Stewart & Stevenson.[3]  Three days later, on 15 May 2006, Stewart & Stevenson filed a third-party complaint against Oshkosh in the federal action, a notice of removal in the state court action, and a motion to consolidate the newly removed case with the case still pending before Judge Werlein. The instant motion was also filed on 15 May 2006.

## II. ANALYSIS

Stewart & Stevenson's notice of removal (Instrument No. 1) and supplemental notice of removal (Instrument No. 15) articulate two basis for federal jurisdiction.  The first is that Plaintiff has waived its Title 28 United States Code Section 1441(b) objection to removal by an in-state defendant and the case is properly before the court pursuant to Title 28 United States Code Section 1332 diversity jurisdiction.  The second is that the court has federal question

---

[2] The primary allegation of Marron's complaint was that the *Marron* Defendants had breached their duties to the Stewart & Stevenson shareholders by failing to obtain the highest possible per share price in a proposed merger.

[3] Oshkosh's petition seeks a declaratory judgment that the standstill provisions in its agreement with Stewart & Stevenson are not enforceable.

jurisdiction under Title 28 United States Code Sections 1331 and 1442(a)(1), the federal officer removal statute.

### A. Title 28 United States Code Section 1441(b).

Title 28 United States Code Section 1441(b) provides as follows

> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

(emphasis added).  Stewart & Stevenson concedes it is a Texas citizen, but argues that Oshkosh has waived this basis for seeking remand by taking part in the *Marron* litigation.  It is clear that a plaintiff who waits longer than thirty days to raise a non-jurisdictional basis for remand has waived it.  *See* 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .").  This rule applies to removals in violation of Title 28 United States Code Section 1441(b). *In re Shell Oil Co. et al*, 932 F.2d 1518, 1523 (5th Cir. 1991).  However, Defendant is not invoking this well recognized rule here.  Rather, Defendant urges the court to find non-statutory waiver based on Plaintiff's pre-litigation behavior.  Such a finding may be desirable when plaintiffs have used the federal forum to conduct discovery before filing a mirror-image case in state court.  *See Courville v. Texaco*, 741 F.Supp 108, 111-12 (E.D. La. 1990).  This is not the case here.  Plaintiff was never a party to the *Marron* litigation and did not invoke the authority or jurisdiction of the federal court.

### B. Title 28 United States Code Section 1442(a)(1).

Title 28 United States Code Section 1442(a)(1) provides, in relevant part, as follows

(a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . .

A corporate defendant seeking to benefit from this provision must show that "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, No. 04-15243, 2006 U.S. App. LEXIS 10408, *4 (9th Cir. April 26, 2006) (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)); *see also, Winters v. Diamond Shamrock Chemical Company*, 149 F.3d 387, 398-401 (5th Cir. 1998). Here, Defendant's argument fails to satisfy the second prong of this test.

Stewart & Stevenson alleges that the requisite nexus exists between Plaintiff's claim and its actions taken pursuant to the direction of a federal officer because "[T]he Confidentiality Agreement that Oshkosh challenges as void against public policy was entered into to make available to Oshkosh and other bidders sensitive and confidential materials related to S&S's [Stewart & Stevenson] work with the federal government on military procurement matters." Def.'s Supp. Notice of Removal at 3.  This claim is belied by Plaintiff's state court petition that challenges only certain standstill provisions in the confidentiality agreement and does not seek to disclose any confidential government information. See Plaintiff.'s State Court Petition (Instrument No. 1, Ex. A).

### C. Attorney's Fees and Costs under Title 28 United States Code Section 1447(c).

Title 28 United States code Section 1447(c) provides in relevant part "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award attorney's fees and costs is a matter left to the discretion of the trial court. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Id.* at 293. The critical issue is the merits of the defendant's case at the time of removal. *Id.* at 292.  In this case, no reasonable legal basis for removal existed. Additionally, Defendant's actions in the context of this litigation appear to have been undertaken in order to delay the state court's determination of Plaintiff's request for a temporary restraining order and preliminary injunction. For these reasons, the court believes an award of attorney's fees and costs to be appropriate.

### III. CONCLUSION

For the aforementioned reasons, the court **ORDERS** that Oshkosh's motion to remand is **GRANTED**. The case is **REMANDED** to the 333rd Judicial District Court of Harris County, Texas. Oshkosh is instructed to submit an affidavit of costs and attorney's fees.

SIGNED at Houston, Texas, this 22nd day of May, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5